UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>NEIL STREICH | Criminal Case No. 1:20-cr-00066-WES-PAS-1 |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and(B) of the Federal Rules of Criminal Procedure, the United States and Defendant Neil Streich ("Defendant" or "Streich") have reached the following agreement:

1. Defendant's Obligations.

    a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Information which charges defendant with importation or transportation of obscene matters, in violation of 18 U.S.C. § 1462(a). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b. Defendant Streich recommends that the Court impose a 5-year term of probation and all other probation conditions set forth in paragraphs 2.a. below (including subparts i.-v.), and Defendant acknowledges that a recommendation or argument for any term of probation or probation conditions inconsistent with those set

1

forth in paragraph 2.a. will constitute a violation of this plea agreement and free the Government from all obligations set forth under this plea agreement.

   c. Defendant agrees to forfeiture of one White Motorola Droid Turbo 2 smartphone (serial number Z4222Z8RT6) and one Black Samsung Tablet (model SM-T580 with serial number R52M913EEFN), both assets subject to forfeiture as property used for commission of the offense to which he will be pleading guilty under the terms of this plea agreement, specifically one count of 18 U.S.C. § 1462, and warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

   d. Defendant agrees to consent to the entry of an order of forfeiture for the above specified property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant also agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

   e. Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim

that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

2.   Government's Obligations.

In exchange for Defendant's plea of guilty, the Government agrees to the following conditions.

   a.   The Government will recommend that the Court impose a 5-year term of probation and that terms of probation include each of the following:

      i.   Defendant shall not for the duration of his term of probation possess or use any electronic device (including computer, smartphone, and any other computer device or equipment) without the prior approval of the U.S. Probation Department; installation of any software or software update on an approved electronic device must also be approved in advance; and at the start of probation Defendant must notify U.S. Probation of all electronic devices he possesses and uses and must seek approval prior to continued possession and use;

      ii.   Defendant consents to the installation of monitoring software on any electronic device he possesses or uses, and the U.S. Probation Department may at its discretion install any such software on electronic devices possessed or used by Defendant;

      iii.   Defendant must submit to unannounced examination of any electronic devices he possesses or uses by the U.S. Probation Department; such examination may be conducted at the discretion of the U.S. Probation Department, with

3

or without cause, reasonable suspicion, or probable cause; any officer of the U.S. Probation Department who is conducting such an examination may be accompanied by either local, state, or federal law enforcement authorities; examination includes retrieval and copying of all data from any electronic device Defendant possesses or uses; and Defendant must consent to the removal of any such electronic device for the purpose of conducting a more thorough investigation;

    iv. Defendant shall not possess or transfer to anyone else in any manner any material, including, but not limited to, videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, including himself; and

    v. Defendant shall not for the entire duration of his probation access any chat platforms open to the public, including Kik and excluding family chat groups via Zoom where the only participants are family members.

  b. For purposes of determining the offense level, the Government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

  c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the Government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. §

4

3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the Government to prepare for trial.

    d.    The Government is free to recommend any fines that it deems appropriate.

    e.    The Government will, at the time of sentencing, move to dismiss the one-count Indictment that charges Defendant with transfer of obscene material in violation of 18 U.S.C. § 1470 and that is docketed by this Court at 20-cr-66-WES.

3.    Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.    The United States and defendant stipulate and agree to the following facts under the guidelines:

    a.    While he was physically located in Rhode Island, Defendant on March 27, 2020 transferred via Kik, an Internet based text and social media application that qualifies as an interactive computer service under 18 U.S.C. §1462(a), three obscene, lewd, and lascivious videos to an undercover FBI agent who represented himself to Defendant to be 10 years old, and that undercover agent via Kik received each of the videos while he was in Pennsylvania.

    b.    Each of the videos was prepared or recorded by Defendant and displayed Defendant's penis in a sexually provocative manner.  The first video showed

Defendant laying naked on his back, the video focused on Defendant's erect penis, and he can be heard saying, "You like that?" The second video showed Defendant laying naked on his back rocking his hips up and down, the video focused on Defendant's erect penis, and he can be heard saying, "You like that?" The third video showed Defendant laying naked on his back masturbating, the video focused on Defendant's erect penis, and he can be heard saying, "Kate you like that? Daddy's all for you and you're all for your daddy now." Defendant admits and agrees that each of the aforementioned videos qualifies as obscenity under the ordinary meaning of "obscenity" and under the applicable legal standard as set forth in *Miller v. California*, 413 U.S. 15 (1973), *Smith v. United States*, 431 U.S. 291, and subsequent caselaw setting for the applicable standard.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are 5 years of imprisonment, a fine of $250,000, a term of supervised release of 3 years, and a mandatory special assessment of $100.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the Government of its obligation to

recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The Government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary, have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation,

denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

      h.     Defendant understands that by pleading guilty, defendant may be required under applicable law to register as a sex offender upon his conviction. Defendant understands that he may be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that if required to register, he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. If required to register, Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that if required to register, he may be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

      9.     The Government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the Government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives any claim that might exist as of the date of this agreement that 18 U.S.C. § 1462 is unconstitutional on its face and/or as applied to his case.

13. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is 5 years of probation or less. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the Government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the Government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this

agreement in any way, the Government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____       10-27-22
NEIL STREICH                          Date
Defendant

_____       10/27/22
REBECCA AITCHISON                     Date
JOANNE DALEY
Counsel for Defendant

_____       10/27/22
G. MICHAEL SEAMAN                     Date
MILIND SHAH
Assistant U.S. Attorney

_____       10/27/22
LEE H. VILKER                         Date
Assistant U.S. Attorney
Chief, Criminal Division

11