#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS.                                          ) | CR No. 20-CR-0066-WES |
| ) | |
| **NEIL STREICH**                     ) | |

### SENTENCING MEMORANDUM

Neil Streich is a good man who made a terrible mistake in judgment. He has been punished for that mistake repeatedly since the day of his arrest. Pursuant to a plea agreement filed in this case, the parties jointly recommend a sentence of five years probation. Such a sentence is sufficient but no more than necessary to accomplish the sentencing factors under 18 U.S.C. §3553(a). For reasons discussed in this memorandum, Mr. Streich urges this Court to accept the joint recommendation and sentence him to five years' probation.

**Defendant's History and Characteristics**

Anyone who knows Neil Streich will describe him the same way: kind, dependable, a good father. The support letters submitted on his behalf, attached as Exhibit A, paint a picture of struggle, abuse, and personal sacrifice. Always a good athlete, Neil enjoyed the acceptance that comes with being good at sports. After college, Neil settled down with a job, a wife, and started a family. Everything was going well.

Unfortunately, everything changed when Neil's ex-wife, Lynn, lost her father prematurely and began drinking heavily. As Lynn descended into addiction, it soon led to verbal and physical violence, police reports, and hospitalizations. Through it all Neil remained a stable, calm, and steady presence for his children, at great personal cost. For many years Neil was raising three

1

children on his own, while trying to protect himself and those children from their mother. The abuse and isolation he endured for years directly led to his horrible decision-making in this case: desperate for some attention and validation, Neil became reckless with his internet behavior. Although he never met up with anyone, he would speak to anyone who would listen, who would respond, or who would compliment him on the photographs of himself.

Neil has lived a life of hard work, compassion, and responsibility. He is so much more than this case, this charge. For many in his life, Neil has been a rock, steadfast in his loyalty, reliability, and support. His support letters show a man who is far from perfect, but one who has done his best for those close to him. He's the type of man whose ex-wife, from a tumultuous relationship and divorce, writes a letter to the Court describing him as "honest, trustworthy, loving, compassionate, loyal, and a good man, friend, and father." *Id.* The fact that she would write such words given their history speaks volumes about Neil's character. Throughout his life, Neil has been a law-abiding citizen. His behavior while on pretrial release for the years his case was pending confirms this. It should be evidence that the behavior underlying this case is the outlier, an anomaly in the rest of Neil's life.

**The Sentencing Guidelines in this Case**

The Probation Department has calculated Mr. Streich's sentencing guidelines as 15 to 21 months, based on an offense level of 14 and a criminal history category of I. Final PSR ¶ 85. While the criminal history level is correct, the offense level has been incorrectly calculated. Mr. Streich has improperly been given a five-level enhancement pursuant to U.S.S.G. § 2G3.1(b)(1)(C). The enhancement in question provides for an increase if "the offense involved distribution to a minor." This application is not applicable to Mr. Streich's case and circumstances.

Mr. Streich's case is unique. Originally charged with transfer of obscene material to a minor, the issue was always whether or not Mr. Streich ever believed he was speaking to a minor. There is ample evidence that he did not believe he was speaking to a minor, namely, the fact that the photos sent were clearly not human, the fact that Mr. Streich repeatedly told the undercover officer he did not believe he was speaking to a child. While the parties could debate this issue, the fact remains that on the eve of trial, the government offered to amend the charge to the current one. The new charge, transfer of obscene material, makes it a crime to send the videos and images Mr. Streich sent through the internet. The element of sending to someone he believed was a minor is absent, and the factual basis for the plea colloquy was also silent on this point.

The simple reality is that applying this enhancement fails to consider the facts of this case and the crime of conviction. It is counterintuitive to add an enhancement that the parties, and indeed the government, intentionally removed from this case. The fact of the matter remains that Mr. Streich has always maintained that he did not believe he was speaking to a minor and that is reflected in the negotiations, the ultimate charge of conviction, and the facts placed on the record by the government and admitted to by Mr. Streich. If this enhancement were not applied, Mr. Streich's sentencing guidelines would be 6 to 12 months, based on an offense level of 9 and a criminal history of I.

**<u>An Appropriate Sentence under the Circumstances</u>**

Simply put, whether the Court finds the enhancement proper or not, and regardless of which guideline range the Court ultimately calculates, a probationary sentence is the appropriate sentence in this case. The Court's goal, and the directive underlying the Sentencing Guidelines is to impose a sentence which is the least restrictive means to accomplish the purposes of sentencing, including just punishment, deterrence, incapacitation, and rehabilitation. If such purposes can be

3

accomplished without incarceration than an individual need not be put behind bars. Here, each of the four principles of sentencing weighs in favor of a non-incarceration sentence for Neil Streich.

In considering punishment for Neil, a probationary term is sufficient. Neil is sixty years old and prior to this had no criminal record. For the past three years, Neil has suffered significant punishment just by being involved in the criminal justice system. He faced the stressors of an unknown fate, the possibility of jail, and life-changing consequences. As a result of his arrest, Neil lost the job that he had held for decades. His good name is gone forever. Any internet search of his name reveals this criminal case and all of the lewd underlying facts. The fact that he is actually convicted of an offense that does not involve minors does not change any of the news articles or stories that appear. On the day of his arrest, multiple officers appeared at his home early in the morning, for all of his neighbors to see. The stress, embarrassment, and fear that Neil has experienced for almost three years is very real. That experience should, and must, factor into a determination of what is an appropriate sentence in this case.

Neil Streich is not a public threat. For almost three years he has been on pretrial release with absolutely no issues. He has behind him a lifetime of hard work and law abiding behavior. The Court has absolutely no indication that this case is anything other than a detour on an otherwise exemplary life. Given his age and lack of record, his risk of recidivism is statistically miniscule. He has an incredibly supportive partner and family. There is little question, given his history and behavior on pretrial release, that he will succeed on probation. Given the experiences detailed above, a sentence in excess of probation is not needed for deterrence. Neil Streich has gotten the message. Frankly, he has been terrified beyond measure. Rehabilitation really isn't a consideration in this case, given the circumstances.

A probationary sentence is appropriate under every metric and the parties come before the Court jointly requesting it after extensive pretrial negotiations and trial preparations. It is the right sentence here. As to conditions of probation, Mr. Streich has agreed, pursuant to his plea agreement, that he will not use any electronic devices without probation's advanced approval, that the probation department may install monitoring software on those devices if they so choose, and that he will willingly submits to any unannounced examinations of those devices. However, Mr. Streich does object to six of the Probation Department's proposed probation conditions, specifically conditions two, three, seven, eight, nine, and ten.

Mr. Streich has not been convicted of a sex offense. The presence of a minor is not an element of the offense. On multiple occasions, Mr. Streich told the undercover officer, and the agents interviewing him upon his arrest, that he did not believe he was speaking to a minor. In his conversation with the undercover agent, Mr. Streich made absolutely no attempt to meet up with the agent. He has no criminal history nor anything his background that suggests a sexually deviant propensity or nature. In fact, Mr. Streich underwent a psychological and psychosexual evaluation in September of 2021 by an experienced professional, Dr. Joseph Plaud, who determined that he did not have any sexually deviant interests and did not pose a danger to public safety. *Evaluation Attached as Exhibit B.*

To be appropriate, and productive, Probation conditions should be narrowly tailored to fit the particular defendant and the particular situation. The conditions proposed by Probation are not required and are not necessary. They treat Mr. Streich as a de facto sex offender, which he is not. He does not need sex offender treatment. He does, however, intend to continue with his mental health counseling, which he has been undergoing since his arrest. The government, in its plea negotiations, sought the three probationary restrictions referenced above and Mr. Streich readily

agreed. Clearly the government felt those conditions were sufficient to mitigate any future harm, and Mr. Streich agrees. His criminal behavior, a clear outlier in his life, resulted from inappropriate behavior on the internet. Giving probation control over which devices he uses, monitoring software to make sure he is using them appropriately, and the ability to conduct unannounced searches of those devices is sufficient. The conditions that have been proposed by the Probation Department are excessive in this case and for this defendant.

**Conclusion**

Neil Streich is a particularly unique defendant with a unique case. Although cases like this often times call for incarceration, for all of the reasons discussed in this sentencing memorandum, incarceration would be more than necessary in this case. Realistically, the principles of sentencing are more legitimately accomplished by a sentence of probation. Mr. Streich urges this Court to accept the parties joint recommendation and sentence him to five years probation.

Respectfully submitted
Neil Streich
By his attorney,

/s/ Rebecca L. Aitchison, 8610
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 867-2814
Rebecca_aitchison@fd.org

## **CERTIFICATION**

  I hereby certify that a copy of this motion was delivered by electronic notification to Milind Shah, Assistant United States Attorney, on April 3, 2023.

               /s/ Rebecca L. Aitchison