UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NEIL STREICH | Criminal Case No. 20-00066-WES-PAS |

## GOVERNMENT'S SENTENCING MEMORANDUM

### Joint Recommendation

Consistent with the parties' joint recommendation as set forth in the Plea Agreement, the Government recommends that Defendant be sentenced to a 5-year term of probation with the following special probationary terms:

1. Defendant shall not for the duration of his term of probation possess or use any electronic device (including computer, smartphone, and any other computer device or equipment) without the prior approval of the U.S. Probation Department; installation of any software or software update on an approved electronic device must also be approved in advance; and at the start of probation Defendant must notify U.S. Probation of all electronic devices he possesses and uses and must seek approval prior to continued possession and use;

2. Defendant consents to the installation of monitoring software on any electronic device he possesses or uses, and the U.S. Probation Department may at its discretion install any such software on electronic devices possessed or used by Defendant;

3. Defendant must submit to unannounced examination of any electronic devices he possesses or uses by the U.S. Probation Department; such examination may be conducted at the discretion of the U.S. Probation Department, with or without cause, reasonable suspicion, or probable cause; any officer of the U.S. Probation Department who is conducting such an examination may be accompanied by either local, state, or federal law enforcement authorities; examination includes retrieval and copying of all data from any electronic device Defendant possesses or uses; and Defendant must consent to the removal of any such electronic device for the purpose of conducting a more thorough investigation;

    4.   Defendant shall not possess or transfer to anyone else in any manner any material, including, but not limited to, videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, including himself; and

    5.   Defendant shall not for the entire duration of his probation access any chat platforms open to the public, including Kik and excluding family chat groups via Zoom where the only participants are family members.

Plea Agreement (Dkt. No. 58) at ¶¶ 1.a., 2.a.

Based on the below-describe information developed during the course of the investigation, the Government additionally urges adoption of the conditions set forth by the Probation Department, some of which are not contained in the special probationary terms recommended by the parties. *See* PSR (Dkt. No. 62 (including 62-3, "Recommended Conditions of Post-Conviction Supervision.")). *See id.* The below-described information is also pertinent for assessment of the applicability of Guidelines §2G3.1(b)(1)(C).

## Background

In March 2020, Defendant communicated via Kik with an undercover FBI agent who represented himself to Defendant to be a 10 year old female. The agent's account name was "katiedoll2000." During the course of those communications, Defendant sent the undercover agent three obscene, lewd, and lascivious videos of himself. Each video was prepared or recorded by Defendant and displayed Defendant's penis in a sexually provocative manner.

The first video showed Defendant laying naked on his back, the video focused on Defendant's erect penis, and he can be heard saying, "You like that?" The second video showed Defendant laying naked on his back rocking his hips up and down, the video focused on Defendant's erect penis, and he can be heard saying, "You like that?" The third video showed Defendant laying naked on his back masturbating, the video focused on Defendant's erect penis, and he can be heard saying, "Kate you like that?

Daddy's all for you and you're all for your daddy now."

During the course of the exchange, the undercover agent sought to determine whether the Defendant believed he was communicating with a child. Some of those communications are set forth below:

1. Early in the exchange on March 21, the undercover agent messaged "10f from pa here hbu" (10-year-old female here, how about you). Early in the exchange, Defendant expressed skepticism, including "Can I see a live pic because I've never even met anyone on Kik who is under 15[.]" On March 24, 2020, after Defendant again asked "katiedoll2000" for a photograph, the undercover agent sent Defendant an image that appeared to be a girl. The image depicted a girl seated with underwear positioned between the ankles. The photograph was taken from above and showed what appeared to be legs, feet, and underwear. In response, Defendant asked for a photograph showing fingers crossed and explained as follows: "Just making sure your [sic] a younger girl so if you cross your fingers I'll never question u again deal[.]"

2. On March 27, 2020, after Defendant messaged again asking for a picture and sent pictures of himself, the undercover agent sent a photograph consistent in appearance with a girl's hand with a crossed finger. The image shows a figure outfitted in a dress, covering abdomen down to upper thighs. The image of the hand appears in the middle of the frame and above what is consistent with unclothed lower legs. In response, Defendant sent a sexually suggestive video in which he can be seen moving his hand toward his genitals, which cannot be seen, and can be heard saying "Daddy loves that dress" and can also be heard moaning. Defendant follows the video with a message inquiring "… want to see how hard you got Daddy[?]" Soon after, Defendant messaged, "You do delete the pictures right don't want parents finding[.]" After the undercover agent messaged, "I'll delete them!!![,]" Defendant sent the first of the videos, specifically the video of himself lying naked on a bed displaying his erect penis.

3. Soon after sending the first video, Defendant messaged, "Show me another picture of you in that dress nothing dirty" and "I could probably reach my hand around those young sexy thighs mmm[.]" The undercover sent another image of what appeared to be a girl. The same dress can be seen in the image, and it shows what appears to be a dressed abdomen and hips down to exposed upper thighs. In the center of the frame is a paper sign that reads, "Robert

    (Strait daddy)," Defendant's Kik handle. Defendant, in turn, sent the second video, the video of himself lying on a bed naked displaying his erect penis and rocking his hips up and down.

4.  Shortly thereafter, following a message from the undercover agent, in which the agent says that his name is "Kate," Defendant sent the third video, the masturbation video. As communications continued on March 27, Defendant repeated urged that they communicate a couple times a week and sent another video. In this one, he is stroking his chest and can be heard saying, "I'm your daddy now and you could talk to me about anything and I'm interested in everything about you hobbies, school, brothers, sisters, mom." Shortly thereafter, Defendant messaged, "Well you can talk to me even on the phone if you'd like don't worry I'm not going to come and visit you I'm just going to be aired [sic] special dad for as long as you want[.]" The undercover agent messaged, "I'm not worried if you came to visit lol[.]"

5.  Defendant subsequently messaged a warning: "And you don't know me well enough we should know each other for at least a couple years I was daddy too [sic] this one girl for over 3 years I came to visit her after about a year-and-a-half I'm just saying you need to be careful[.]" The undercover agent messaged back, "Lol but u seem so nice and cool," and then "Was she like my age?" Defendant messaged back recounting his initial skepticism: "Actually I never believed you were hey young girl I want to be honest it makes me a little uneasy but I like you" and "She [the girl to whom Defendant was a "daddy" for over three years] told me she was going to be 18 but then on her birthday she confessed she just turned 16[.]" The undercover messaged back: "Lol I'm not that old!" and "It's okay if u want to stop I'd be sad but ok[.]" Defendant quickly responded by message: "No too late I already like you too much" followed by "Just don't send me anything that shows your privates not that you would just saying[.]" Shortly thereafter, Defendant's texts turned to discussion about children's television, starting with "I bet you're watching Victorious or SpongeBob right now[.]"

### Applicability of Guidelines §2G3.1(b)(1)(C) & Sex Offender Treatment

By a preponderance, the applicable standard, there is strong reason to believe that Defendant believed that he was communicating with a minor. *See United States v. Mejia*, 55 F.4th 1, 11 (1st 2022) ("[A]s with all upward adjustments under the sentencing guidelines[,] the government must carry the devoir of persuasion by a preponderance

of the evidence."); *United States v. Abraham*, 498 F.Supp.3d 175, 180 (D. Mass. 2020) (Per *United States v. Monteiro*, 871 F3d 99, 116 (1st Cir. 2017), "…post-*Booker*, sentencing enhancements need only be proved by a preponderance of evidence.").

As shown through the text exchange reviewed above, even if the first "girl" image from the undercover left Defendant uncertain, his words demonstrate – at least by a preponderance – that he quickly came to believe he was communicating with a girl. He expressed concern about the "girl's" parents: "You do delete the pictures right don't want parents finding[.]" His small talk was aimed at a child: "I'm your daddy now and you could talk to me about anything and I'm interested in everything about you hobbies, school, brothers, sisters, mom[,]" and "I bet you're watching Victorious or SpongeBob right now[.]" He took precautions to avoid child pornography liability: "Show me another picture of you in that dress nothing dirty" and "Just don't send me anything that shows your privates not that you would just saying[.]" Even if he said otherwise when confronted by law enforcement agents and when the prospect of criminal liability was foremost on his mind, Defendant when engaged in the Kik exchange thought he was communicating with a child.

Because Defendant thought he was communicating with a child, the 5-level enhancement under Guidelines §2G3.1(b)(1)(C) applies. First, the commentary makes clear that a "minor" includes actual child as well as "an undercover officer who represented to a participant that the officer had not attained the age of 18 years." Second, there is no dispute that the videos are obscene. *See* Plea Agreement at ¶4.b. ("Defendant admits and agrees that each of the aforementioned videos qualifies as obscenity…."). Finally, there is also no dispute that Defendant transmitted or distributed the video to the undercover via Kik. *See id.* at ¶4.a. The 5-level enhancement is proper.

Given that Defendant, when he sent his videos, believed he was communicating with a child, Probation's inclusion of sex offender treatment among the recommended

conditions is proper.  Defendant's behavior gives reason for concern about harmful, sexual deviance, and sex offender treatment may therefore be of assistance during Defendant's probation.  This concern is not mitigated by the opinion of a behavioral consultant hired by Defendant.  When Defendant met with his consultant, Defendant knew that he was subject to criminal liability, and the consultant was not treating Defendant prior to Defendant's crime.  Moreover, after sex offender treatment has begun and Probation has had the opportunity to assess its efficacy, Probation can, if warranted, discontinue the treatment.

## Conclusion

Based on the preponderance of the evidence, application of the 5-level enhancement under Guidelines §2G3.1(b)(1)(C) is appropriate.  And for all of the above reasons, the Government recommends a 5-year term of probation, urges adoption of the jointly agreed upon special probationary terms, and urges adoption of all of the conditions recommended by the Probation Department.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

ZACHARY A. CUNHA
United States Attorney

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
milind.shah@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 4th day of April 2023, the above memorandum was filed using the Court's electronic filing system, and the memorandum was thereby made available to all counsel of record, including defendant's counsel, Rebecca L. Aitchison, Esquire.

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
milind.shah@usdoj.gov